NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
Jose A. Rodriguez, SR. and Lousia A. Rodruguez,    :
                                                   :
                Plaintiffs,                    :
                                                   :
           v.                                      :
                                                   :          **OPINION**
                                                   :          Civ. No. 09-5843
                                                   :          (WHW)(CCC)
INDYMAC BANK, a mortgage company,                  :
IMB MANAGEMENT HOLDINGS,                           :
XYZ Corporations (1-5), and John Does (1-5),       :
                                                   :
                                                   :
                Defendants.                    :
                                                   :
_____

**Walls, Senior District Judge**

       Defendant, IMB Management Holdings LP ("IMB"), moves to dismiss the complaint by plaintiffs, Jose A. Rodriguez and Lousia A. Rodruguez, for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for lack of subject matter jurisdiction under Rule 12(b)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides the motion without oral argument. Defendant's motion to dismiss is granted on the ground that the Court lacks subject matter jurisdiction. Plaintiffs' claims are dismissed without prejudice.

                **FACTUAL AND PROCEDURAL BACKGROUND**

       On September 21, 2009, plaintiffs filed their complaint in the Superior Court of New Jersey. Plaintiffs allege: "On September 20, 2007, plaintiffs discovered that IndyMac Bank, a

...
...

mortgage company, had granted two mortgages to a person fraudulently identifying himself as Jose Agustin Rodriguez of 463 River St., Paterson, New Jersey 07524, the name and address (at that time) of the plaintiff in this civil action." (Compl. ¶ 1.) "The fraudulent loans were opened in May 2007, each in the amount of $490,000." (Id. ¶ 2.) "IndyMac wrongfully granted these loans to the fraudulent actor by negligently, carelessly, and recklessly failing to identify the borrower's identity or conducting any background check on the borrower." (Id. ¶ 3.) "The fraudulent actor (John doe #1) defaulted on said loans." (Id. ¶ 4.) "As a foreseeable consequence of the fraud of John Doe and the negligence of IndyMac Bank, the plaintiffs' credit and good reputation have been completely destroyed. They have been unable to buy a house or obtain credit of any kind. Their standard of living, quality of life and health have been destroyed as a consequence." (Id. ¶ 5.) "IMB Management Holdings is liable for the negligence of IndyMac Bank because they purchased IndyMac and assumed all liabilities of IndyMac Bank." (Id. ¶ 6.) Plaintiffs seek compensatory damages, interests and costs. (Id., Prayer for Relief.)

IndyMac is a failed banking institution. (IMB Br. at 14.) The FDIC was appointed receiver for IndyMac on July 11, 2008. (Id.) Thereafter, some of the assets and obligations of IndyMac were transferred to a newly formed entity, IndyMac Federal Bank, FSB, for which the FDIC was appointed conservator. (Id.) The FDIC, as conservator of IndyMac Federal Bank, FSB, executed a Master Purchase Agreement, selling certain assets of IndyMac Federal Bank, FSB to IMB Holdco, LLC and One West Bank Group, LLC. (Id.)[1]

---

[1] The named defendant, IMB Management Holdings LLP, claims that it is different from IMB Holdco, LLC, that it was not a party to this Master Purchase Agreement, and did not assume any of the liabilities of IndyMac Federal Bank, FSB. (Id.)

On November 16, 2009, defendant IMB removed the complaint to this Court based on diversity jurisdiction. On November 23, 2009, IMB moved to dismiss plaintiffs' claims against it for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

Plaintiffs have not responded to IMB's motion.

## LEGAL STANDARD

### Motion to Dismiss

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 306 (3d Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).

### Subject Matter Jurisdiction

When subject matter jurisdiction is challenged under Rule 12(b)(1), plaintiff bears the burden of persuasion. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). When ruling on a motion to dismiss for lack of subject matter jurisdiction, a district court may not presume the truthfulness of plaintiff's allegations, but must "evaluate for itself the merits of [the] jurisdictional claims." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (quoting Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). The court may consider exhibits outside the pleadings and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891. Dismissal for

3

jurisdictional defects has no *res judicata* effect.  See William v. United States, 50 F.3d 299, 304 (4th Cir 1995).

## DISCUSSION

IMB asks this Court to dismiss plaintiffs' complaint because: (1) "Plaintiffs do not plead any allegations of wrongdoing by IMB; (2) Plaintiffs are incorrect in their characterizations of IMB as IndyMac's successor; (3) Plaintiffs were required, but failed to assert their claims in IndyMac's receivership action and this Court therefore lacks jurisdiction over the matter; and (4) Plaintiff's complaint fails to properly assert a claim for negligence."  (IMB Br. at 3.)  Because the Court finds, in accordance with IMB's third argument, that it lacks subject matter jurisdiction, it does not address IMB's other arguments.  See Bell v. Hood, 327 U.S. 678, 682 (1946) (holding that a court must assume jurisdiction over a case before deciding legal issues on the merits).

In the context of failed banking institutions, Congress has enacted the Financial Institutions Reform Recovery and Enforcement Act of 1989 ("FIRREA"), which "created a new regulatory agency, the Resolution Trust Corporation, and empowered it and the FDIC [Federal Deposit Insurance Corporation] to manage, sell, merge, consolidate, or liquidate failed institutions for which they were appointed receiver."  Centennial Assoc. v. FDIC, 927 F. Supp. 806, 809 (D.N.J. 1996) (citing 12 U.S.C. §§ 1821(d)(2) and 1441(a)(b)(4)). "The statute also created a comprehensive administrative procedure for adjudicating claims asserted against a failed depository institution."  Id.  FIRREA defines a "depository institution" as "any bank or savings association."  12 U.S.C. § 1813(c)(1)(West 1989).

FIRREA authorizes the FDIC to act as receiver of a failed state banking institution and to resolve claims against the failed institution. 12 U.S.C. § 1821(c)(3). The FDIC initiates this process by giving prompt notice to the institution's creditors: the receiver shall "promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall not be less than 90 days after the publication of such notice . . . ." 12 U.S.C. § 1821(d)(3)(B)(i). The FDIC must also mail a similar notice to any creditor shown on the institution's books. See 12 U.S.C. § 1821(d)(3)(C).

"FIRREA's claims procedure in section 1821(d) is exclusive." Shain, Schaffer & Rafanello, 944 F.2d at 132. "Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in section 1821. Id. Section 1821(d)(13) reads:

> (D) Limitation on judicial review
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over --
> (i)  any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D).

FIRREA's limitation on the jurisdiction of courts applies even when the claimants are informal creditors, who do not receive the mandatory notice by the FDIC. See Centennial, 927 F. Supp. at 811. Courts have interpreted § 1821(d)(13(D) broadly and have required exhaustion of the receivership mechanism whether those claims and actions are by debtors, creditors, or others. See Id. (internal citations omitted); National Union Fire Ins. Co. v. Resolution Trust

5

Company, 28 F. 3d 376, 392 (3d Cir. 1994) (The jurisdictional bar "is not limited in its application to actions brought by creditors; it applies to debtors as well, and applies regardless of whether the action is asserting a right to payment."). Moreover, courts have held that the exhaustion requirement applies to tort and contract claims.  See e.g., Rosa, 938 F.2d at 395; McGlothlin v. Resolution Trust Corp., 913 F. Supp. 15, 1996 WL 42128 (D.D.C.) (dismissing plaintiffs' claim for breach of contract and negligence because while they followed the FIRREA procedures for their fraudulent inducement claim, they did not do so for their negligence or breach of contract claim).

IMB argues that this Court lacks subject matter jurisdiction because plaintiffs have "attempted to end run the federal receivership system by filing a state court complaint." (IMB Br. at 17.)  In support of its argument, IMB cites to Centennial, in which "Judge Lifland ruled that 12 U.S.C. §§ 1821(d)(13)(D) (then codified as 12 U.S.C. 1821(d)(6)) 'expressly limits a claimant's ability to bypass' the receivership procedures and provided a 'statutory exhaustion requirement' that 'deprives a district court of subject matter jurisdiction where a claimant fails to comply with the statute's directive." (IMB Br. at 17 (quoting Centennial 927 F. Supp at 810.)) In addition, IMB cites to Village of Oakwood v. State Bank and Trust Co., 539 F.3d 373 (6th Cir. 2008), in which the Sixth Circuit "affirmed the ruling of the trial court that the claims against State Bank were precluded because the uninsured depositors failed to comply with the FDIC administrative process." (IMB Br. at 18.)

This Court finds that it lacks subject matter jurisdiction of this matter.  The language of FIRREA expressly limits the subject matter jurisdiction of courts in cases where claimants are seeking damages based on the "act or omission" of a "failed banking institution" for which the FDIC has been appointed receiver.  12 U.S.C. § 1821(d)(13)(D).  This exhaustion requirement is

6

not judicially created, but is mandated by statute. Rosa v. Resolution Trust Corp., 938 F.2d 383, 395 (3d Cir. 1991). "That the bar is a statutory exhaustion requirement is indicated by the language "except as otherwise provided in this subsection." Id. at 391 (citing 12 U.S.C. § 1821(d). The language of the bar applies whenever there is an institution for which a receiver has been appointed. Id. at 392. It is a firmly established rule that subject matter jurisdiction is tested as of the time of the filing of the complaint. See F. Alderete Gen. Contractors, Inc. v. United States, 715 F.2d 1476, 1480 (Fed. Cir. 1983) (citing Rosado v. Wyman, 90 S. Ct. 1207 (1970)).

Here, plaintiffs are seeking compensatory damages for the alleged negligence of IndyMac. Specifically, they allege that IndyMac caused them injury by negligently lending money to an unspecified person who stole Jose Rodriguez's identity. (Compl. ¶ 3.) IndyMac is a failed banking institution. See 12 U.S.C. § 1813(c)(1)(West 1989) (defining "depository institution" as "any bank or savings association). The FDIC was appointed receiver for IndyMac on July 11, 2008. (IMB Br. at 14.) Plaintiffs have provided no record that they followed the statutory scheme required by FIRREA. Instead, they simply filed their complaint in the Superior Court of New Jersey on September 21, 2009. Because the plaintiffs have not followed the directives of FIRREA, this Court lacks subject matter jurisdiction. 12 U.S.C. § 1821(d)(13)(D); see also FDIC v. Shain, Schaffer & Rafanello, 944 F.2d 129, 135 (3d Cir. 1991) (Section 1821(d)(13(D) "withdraws jurisdiction from court actions in which a party seeks a determination of rights with respect to a failed bank's assets."); Rosa, 938 F.2d at 391 (holding that the plaintiffs' monetary claims against City Federal and its receiver fell within the language of the clause denying subject matter jurisdiction to the Court).

The jurisdictional bar applies to plaintiffs' complaint even though they are not suing IndyMac or the FDIC. The substance of plaintiffs' complaint is that they were injured as a result of IndyMac's negligence. The language of FIRREA states that this Court does not have jurisdiction for "any claim relating to act[s] or omission[s]" of the failed banking institution. 12 U.S.C. § 1821(d)(13)(D). Here, while plaintiffs are suing IMB, their complaint relates to the negligence of Indymac, a failed banking institution. As such, the Court lacks subject matter jurisdiction to address plaintiffs' complaint.

## CONCLUSION

IMB's motion to dismiss for lack of subject matter jurisdiction is granted and the plaintiffs' claims are dismissed without prejudice.

It is on this 24th day of March, 2010:

ORDERED that Defendant's Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction is GRANTED.

<u>s/ William H. Walls</u>

United States Senior District Judge